**FILED**



**8:47 am, 12/23/25**

**Margaret Botkins
Clerk of Court**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

IRAKLI DALALISHVILI,

Petitioner,

vs.

UNITED STATES ATTORNEY
GENERAL, in her official capacity also
known as Pam Bondi, et al.,

Respondents.

Case No.  25-CV-00249-R

---

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

This matter is before the Court a petition for writ of habeas corpus pursuant to 28
U.S.C. § 2241 filed by pro se petitioner, Irakli Dalalishvili. [ECF No. 1]. The Court, having
considered the petition, response, supplemental response and being otherwise fully advised
hereby GRANTS Mr. Dalalishvili's Petition for Writ of Habeas Corpus pursuant to 28
U.S.C. § 2241.

***BACKGROUND***

Mr. Dalalishvili is a native of the Republic of Georgia. [ECF No. 1-1, at 3]. He has
been detained by ICE since July 22, 2024. [ECF No. 1, at 4]. Since then, Mr. Dalalishvili
applied for asylum and requested withholding of removal. [ECF No. 6-1, at 2]. On May 7,
2025, an Immigration Judge determined Mr. Dalalishvili was inadmissible pursuant to INA

§ 212(a)(6)(A)(i). [ECF No. 1-1, at 1]. The Immigration Judge denied Mr. Dalalishvili's asylum application and granted Withholding of Removal under INA § 241(b)(3). [ECF 1-1, at 1]. Neither Mr. Dalalishvili, nor the government appealed the decision. [ECF 1, at 4]. Mr. Dalalishvili's Order of Removal became administratively final on June 7, 2025. [ECF No. 9-1, at 2]

Mr. Dalalishvili filed his § 2241 petition pro se, the Court ordered the petition served on Respondents and ordered their response to the petition. [ECF No. 4]. He argues the Due Process Clause requires his release from custody because he has been detained for longer than the removal period authorized by statute, and removal is not reasonably foreseeable. [ECF No. 1, at 6]. He contends his detention serves no legitimate governmental purpose. [ECF No. 2, at 3]. Mr. Dalalishvili seeks a writ of habeas corpus ordering his immediate release. [ECF No. 1, at 7].

In response, Respondents assert they sought acceptance of Mr. Dalalishvili from Panama, Nicaragua, and Guatemala on June 13, 2025, and have not yet received a response from any of the countries. [ECF No. 6-1, at 3]. They further assert they determined Dalalishvili poses a significant flight risk because of his final order of removal and the pendency of his removal from the United States and, therefore, cannot be released from detention. *Id*. Respondents further argue Mr. Dalalishvili's detention is permissible under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because he has not been detained for six-months. [ECF 6 p. 10]. They conclude the Court should deny habeas relief because Mr. Dalalishvili's detention is within the six-month presumptively reasonable window and ICE has solicited other countries for his acceptance. [ECF No. 6, at 10–11].

On December 16, 2025, the Court received an email from Mr. Dalalishvili's niece. [ECF No. 7]. She notified the Court that Mr. Dalalishvili had been transferred out of Wyoming and back to an ICE detention facility in Denver, CO. *Id.* She also informed the Court that Mr. Dalalishvili is in poor health and the family fears his condition is life-threatening. She states he requires immediate medical intervention. According to his niece, Mr. Dalalishvili has lost approximately 25 kg since being transferred to Wyoming and his current weight is around 52 kg. *Id.* His niece states he suffers from persistent vomiting and is unable to keep down any food. *Id.*

The Court ordered a supplemental response from the government explaining the reasons for his transfer and a timeline for his expected removal from the United States. [ECF No. 8]. The government responded and explained Mr. Dalalishvili was transferred from the Natrona County Detention Center to the Denver Facility because Natrona County informed ICE it could no longer properly care for his healthcare needs. [ECF No. 9, at 2–3]. According to the government, Mr. Dalalishvili lost approximately forty pounds while detained in Natrona County and was experiencing low oxygen and potassium levels. [ECF 9, at 3]. The government states medical staff at the Denver facility prescribed Mr. Dalalishvili medication and will continue to provide medical care as needed. [ECF No. 9-1, at 2]. The government further states it still has received no response from Panama, Nicaragua, or Guatemala. [ECF No. 9-1, at 2]. The government further asserts it cannot provide a specific timeline for Mr. Dalalishvili's removal from the United States, but states DHS and the State Department are working to evaluate and select a third country for removal. *Id.* at 2–3.

3

*DISCUSSION*

A writ of habeas corpus under 28 U.S.C. § 2241 may be granted to an individual "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Generally, jurisdiction over a § 2241 habeas petition rests in the district where the petitioner is located. 28 U.S.C. § 2241(a). However, Mr. Dalalishvili was confined in the District of Wyoming when he filed his petition, "and '[i]t is well established that jurisdiction attaches on the initial filing for habeas corpus relief' and 'is not destroyed by a transfer of the petitioner.'" *Serna v. Commandant, USDB-Leavenworth*, 608 F. App'x 713, 714 (10th Cir. 2015) (quoting *Santillanes v. U.S. Parole Comm'n*, 754 F.2d 887, 888 (10th Cir. 1985)); *see also e.g., Ex parte Endo*, 323 U.S. 283, 306, (1944) (holding the district court did not lose jurisdiction over the case when petitioner was transferred out of the jurisdiction post-filing and may direct the writ to any respondent within the court's jurisdiction who has legal authority to effectuate the writ); *Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (reaffirming the holding in *Endo*); *Arostegui-Maldonado v. Baltazar,* 794 F. Supp. 3d 926, 948-50 (D. Colo. 2025); *Anariba v. Dir. Hudson Cnty. Corr. Ctr.*, 17 F.4th 434, 446 (3d Cir. 2021) (holding that a district court retains jurisdiction over a properly filed habeas petition where the petitioner is transferred outside the jurisdiction post-filing); *Khalil v. Joyce*, 777 F. Supp. 3d 369, 398 (D.N.J.), *motion to certify appeal granted,* 777 F. Supp. 3d 411 (D.N.J. 2025) (analyzing jurisdiction where petitioner was in the District of New Jersey when the petition was filed and then transferred to Louisiana; concluding the United States District Court for the District of New Jersey retained jurisdiction because petitioner was in New Jersey when the petition was filed and had named the Secretary of

Homeland Security, which supervises ICE, as a respondent).  Mr. Dalalishvili was in the District of Wyoming when he filed his petition, and he named the United States Secretary of Homeland Security and the United States Attorney General as Respondents. Thus, the Court retains jurisdiction over the case. *Ex parte Endo*, 323 U.S. at 306.

When a noncitizen is ordered removed, generally, the government "shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a).  That ninety-day period is known as the "removal period." *Id.*   Where the government fails to remove a noncitizen within the removal period, further detention is authorized when the noncitizen is: "(1) 'inadmissible' under certain grounds, (2) 'removable' as a result of violations of status requirements or entry conditions, violations of criminal law, or reasons of security or foreign policy, (3) or has been 'determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal.'" *Salad v. Dep't of Corr.*, 769 F. Supp. 3d 913, 920 (D. Alaska 2025) (citing *Zadvydas*, 533 U.S. at 682); 8 U.S.C. § 1231(a)(6).

In *Zadvydas*, the Supreme Court noted that an alien must be detained during the removal period. 533 U.S. 678, 683 (2001).  It held, however, that "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by the statute." *Id.* at 699.  According to the Court, the basic question a habeas court must decide is whether "the detention in question exceeds a period reasonably necessary to secure removal." *Id.* It found a presumptively reasonable detention period of six months.  *Id* at 701.

> [o]nce the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient

> to rebut that showing. And for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink.

*Id.*

In total, ICE has detained Mr. Dalalishvili for nearly eighteen months. [ECF No. 1, at 1]. The Immigration Judge's order became final on June 7, 2025. [ECF No. 1, at 6]. Thus, while Respondents were under the six-month presumptively reasonable date when Mr. Dalalishvili filed his petition, that date has now passed, and Respondents have detained Petitioner for six months and two weeks after the detention order became final. This is past the presumptively reasonable six-months considered by the Supreme Court in *Zadvydas*. 533 U.S. at 701; *Clark v. Martinez,* 543 U.S. 371, 386–87 (2005); *see also e.g.*, *Moreno v. Bondi,* No. 25-3168-JWL, 2025 WL 2926547, at *3 (D. Kan. Oct. 15, 2025) (petitioner held in post-removal order detention for seven and a half months entitled to habeas relief); *Mohammad Momennia, Petitioner, v. Pamela Bondi, Att'y Gen., et al., Respondents.*, No. CIV-25-1067-J, 2025 WL 3011896, at *7 (W.D. Okla. Oct. 15, 2025) Report and Recommendation Adopted  at No. CV 25-1067-J, 2025 WL 3006045, at *2 (W.D. Okla. Oct. 27, 2025) (granting habeas relief where petitioner held for six and a half months post-removal order); *Bryan Anduaga-Colin, Petitioner, v. Pamela Bondi, Att'y General, et al.*; *Kristi Noem, Sec'y, Dep't of Homeland Security; Samuel Olson, Dir., ICE Field Office*; *& C. Carter, Warden, FCI-Leavenworth, Respondents.*, No. 25-3151-JWL, 2025 WL 2926546, at *3 (D. Kan. Oct. 15, 2025) (petitioner detained for eight months post-removal order entitled to habeas relief).

The government contends that continued detention is necessary because Mr. Dalalishvili presents a significant flight risk because he has a final order of removal and due to the pendency of his removal from the United States. [ECF No. 6-1]. It states it solicited three countries—Nicaragua, Panama, and Guatemala—to accept Mr. Dalalishvili and is awaiting responses. [ECF No. 6, at 10] The Court notes that the more than six months have passed since the government requested Nicaragua, Panama, and Guatemala accept Mr. Dalalishvili and it has not received a response from any of the three countries. Respondents' contention that Mr. Dalalishvili must remain detained because he is subject to a final removal order is a general conclusion and not necessarily specific to Petitioner. Further, "preventing flight . . . is [a] weak or nonexistent [justification] where removal seems a remote possibility at best." *Zadvydas*, 533 U.S. at 690; s*ee also e.g., Jimenez Chacon v. Lyons,* No. 2:25-CV-977-DHU-KBM, 2025 WL 3496702, at *7 (D.N.M. Dec. 4, 2025); *Ahrach v. Baltazar*, No. 25-CV-03195-PAB, 2025 WL 3227529, at *5 (D. Colo. Nov. 19, 2025). Additionally, Respondents admit they cannot provide a timeline for Mr. Dalalishvili's removal from the United States and their vague assertion that DHS and the State Department "continue to work on evaluating and selecting a third country for removal" provides nothing to indicate his removal is likely in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 701.

Finally, it is worth noting that the Immigration Judge found Mr. Dalalishvili inadmissible under INA § 212(a)(6)(A)(i), codified at 8 U.S.C. § 1182(a)(6)(A)(i), which states: "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney

General, is inadmissible." 8 U.S.C. § 1182(a)(6)(A)(i).  Thus, the Immigration Judge found Mr. Dalalishvili inadmissible because he entered the country without being admitted or paroled, or because he entered the country at a place other than one designated by the Attorney General. [ECF No. 1-1, at 1]. Notably, he was not denied entry because he had a criminal record or would be otherwise a danger to the community.  There is nothing in Mr. Dalalishvili's case that would require his continued detention under 8 U.S.C. § 1231(a)(6). At this stage of the proceedings, the Court lacks a supportable legal basis to continue Mr. Dalalishvili's detention while the government seeks removal to a third country.  Because Mr. Dalalishvili's removal is not reasonably foreseeable, "continued detention is unreasonable and no longer authorized by statute." *Zadvydas*, 533 U.S. at 699–700.

### *CONCLUSION*

Mr. Dalalishvili's continued detention is unlawful.[1]   The Court, therefore, **GRANTS** his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. [ECF No. 1]. A Writ shall issue.

---

[1] As noted in this Court's separately issued Writ of Habeas Corpus, Mr. Dalalishvili shall be subject to appropriate conditions of release necessary to protect the public safety and promote the ability of the government to affect his removal to a third country. *See* 8 U.S.C. § 1231(a)(3) and 8 C.F.R. § 241.13(h).

**IT IS FURTHER ORDERED** Respondents shall release Petitioner from custody, subject to an appropriate order of supervision, by **December 31, 2025**, and shall provide notice to this Court when Mr. Dalalishvili is released from custody.

Dated this 22nd day of December, 2025.

Kelly H. Rankin
United States District Judge